*Ordered that copies be
distributed to Gov't &
defense counsel.*
D/F
∫ USDJ
8/10/05
cc: Mr. Younge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -v-                                             Case No. CR03-1368 (ARR)

EGLAN YOUNGE

---

## MOTION FOR ACQUITTAL

**NOW COMES**, the defendant Eglan Younge, who would respectfully move this Honorable Court for an order pursuant to Rule 29 of the Federal Rules of Criminal Procedures. Motion For Acquittal.

The grounds for this motion are as follows:

a) insufficient evidence to support a quilty verdict.

b) ineffective assistance of counsel

### INSUFFICIENT EVEIDENCE TO SUPPORT GUILTY VERDICT

The evidence that Mr. Younge has been found guilty with does not legally establish his guilt. This include but not limited to any oral testimony, material evidence, video tapes, wire taps and or audio tapes.

1) Mr. Smith a cooperating witness testimony is that he saw Mr. younge toss a bag into a food service car in the year 2000. This testimony is discredited by the simple fact that Mr. Younge did not start working for Evergreen Eagle J.F.K. untill December 2002.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.
★ AUG 0 8 2005 ★
BROOKLYN OFFICE
C/M

2) Mr. Whitley a cooperating witness testimony is that Mr. Younge Placed a bag into a vehicle in the spring of 2002. The spring would consist of March to June 2002, When Mr. Younge did not gain employment with Evergreen Eagle J.F.K. until December 2002, moreover mr. Whitley testimony is further consistant with Mr. Younge innocence, in which he states that Mr. Younge never had any knowledge of a conspiracy, never took part in the conspiracy, and he felt that Mr. Younge would inform the authorities, if he had any knowledge of the illegal activities of the conspiracy.

Moreover the audio tapes of the wire tap is consistant that Mr. Younge had no knowledge of a conspiracy and that Mr. Younge is a Cargo Handler and in the event that he had picked up any cargo that contained narcotics it was done unknowingly.

3) Mr. Barnette, a cooperating witness and Mr. Younge Supervisior testimony is that Mr. Younge did not start working for Evergreen Eagle J.F.K. until 2002 and that he did not met Mr. Younge until 2003. Mr. Barnettes testimony is that on the date in question Mr. Younge did not pick up any cargo from the area in question, but instead picked up cargo from a totally unrelated flight ie Lanchille flight. Mr Young employment records will show all this to be true and correct.

Mr. Barnettes testimony never implicates Mr. Younge into the conspiracy in question instead it exonarates him.

4) Special Agent Cangro and other Agents testimony and Video observation and other evidence introduced where merely introduced into evidence to bloaster the Government case.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Weinstein ineffectiveness of counsel is self evident in his letter dated July 5, 2005. When he stated that Evergreen Eagle J.F.K. informed him it would take several weeks to receive employment records of Mr. Younge. Mr. Weinstein has been Mr. Younge attorney since approx. December 5, 2003. He has failed to represent Mr. Younge effectively because the mere fact that he choose not to persue a practical defence, instead he choose not to call witnesses that would have established Mr. Younge innocence, he further waited to the last minute to request documents that would exonarate Mr. Younge.

## MEMORANDUM OF LAW

A rule 29 Motion is a Motion asking the court to decide on its' own to acquit the defendant on the sufficiency of evidence and on other legal grounds.

1) Evidence that is at least as consistant with innocence as with guilt is insufficient to support a guilty verdict U.S. v Berger 224 F3d 107 2nd cir (2000).

2) The proponent of evidence most prove that the defendant knew of the conspiracy purposely associated himself with it and affirmatively cooperated in it. Or at least agreed to cooperate in the objective of the conspiracy. United States v Cox 942 F2d 1282 cir (1991), 117 Ed 2d 520 112 S.Ct 1298 (1992), also see, United States v Braidlow 806 f2d 781 8th cir 1986, Untied states v Caspeson 773 F2d 216, 221 8th cir 1985.

3) Also mere presence or association with individauls engaged in illegal conduct is not sufficient to establish that party knowingly

contributed efforts in the furtherance of a conspiracy and thus participated in a conspiratrial agreement. <u>Casperson 773 F2d at 221: also see United States v Soto 716 F2d 989 2nd cir (1987), Mere presence,</u> even with knowledge that a crime is being committed there, is not sufficient enough to establish that a defendant was member of conspiracy.

5) Moreover a single act, without more are also insufficient to link defendant to a conspiracy. <u>United States v Delutis 722 F2d 902 1st cir (1983).</u> Court reversed defendant conviction for conspiracy to distribute cocaine and conspiracy to possess with intent to distribute cocaine because evidence of a single isolated act by defendant was insufficient to establish that he knowledge of conspiracy.

6) Moreover defendants' counsel not only failed to call important witnesses but also failed to prepare any defence at all <u>Paval v Hollis 261 F3d 210 2nd cir 2001.</u> also see <u>Freeman v Class 911 Supp. 402, 1995.</u> Trial counsel failure to raise known defence of potentail merit is evidence that trial counsel overall performance and skill required for effective assistance of counsel. also see, <u>Wilcox v McGee, 241 F3d 1242</u> counsel failed to pursue defences available to defendant.

## INCONCLUSION

Counsel was defidient in every aspect leading up to Mr. Younge imposed conviction , counsel lack of substantial communication with defendant has deprived defendant of effective assistance, his lack of communication with Evergreen Eagle J.F.K. has deprived defendant of curcial documentation that would establish his innocenceand exonarate defendant, his failure to call possible witnesses further

prove that he was ineffective, moreover the evidence used to establish defendant guilt is not legally sufficient to support the guilty verdict. Mr Younge was never implicated in the conspiracy and those who did testify testimony was discredited.

### releif requested

Based on the foregoing arguments and autorities this Honorable court is respectfully urged to find these grounds meritiuos and in the interest of justice, and for good cause shown enter to move to acquit defendant on the grounds statedor for such other relief that this court may deem just and proper.

Sincerely

_____
Egan Younge

Dated:

Sworn to and subscribed before
me on this 23 day of July 2005.

_____
Notary Public

Y. Small csw
**Authorized by the Act of July 7, 1955
to Administer Oaths 18USC 4004**

July 23, 2005

# CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing motion Motion to Acquit was mailed via first class mail on 07-23-05 to the Clerk of Court. UNITED STATES COURTHOUSE, EASTERN DISTRICT OF NEW YORK 225 Cadman Plaza East BKLYN, N.Y. 11201 and to Michale Ramos, ASSISTANT UNITED STATES ATTORNEY, EASTERN DISTRICT OF NEW YORK One Pierrepont Plaza BKLYN, NY. 11201

DATED:

*Egan Younge*

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS 23 DAY OF July, 2005.

*K. Small CSW*
Authorized by the Act of July 7, 1955
to Administer Oaths 18USC 4004

July 23, 2005