UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x

UNITED STATES OF AMERICA

     -v-

EGLAN YOUNGE
------------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER:CR-03-1368(ARR)
LISA SCOLARI, ESQ
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
Defendant's Attorney & Address

THE DEFENDANT:

XXX was found guilty on counts one & two of the superseding indictment after a plea of not guilty.

Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 963, 960(a)(1) & 960(b)(1)(B) | CONSPIRACY TO IMPORT WITH INTENT TO DISTRIBUTE 5 KILOGRAMS OR MORE OF COCAINE. | ONE (1) |
| 21 USC 846 & 841(b)(1)(A) | CONSPIRACY TO POSSESS WITH WITH INTENT TO DISTRIBUTE 5 KILOGRAMS OR MORE OF COCAINE. | TWO (2) |

The defendant is sentenced as provided in pages 2 through    of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_____ The defendant has been found not guilty on count(s)      and is discharged as to such count(s).

_____ Remaining counts are dismissed on the motion of the United States.

XXX It is ordered that the defendant shall pay to the United States a special assessment of $200.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_

Defendant's Date of Birth 7/26/78

Defendant's Mailing Address:

497 EAST 34th STREET, APT. 3

BROOKLYN, NEW YORK 11203

Defendant's Residence Address:

( SAME AS ABOVE )

APRIL 11, 2006
Date of Imposition of Sentence

ALLYNE R. ROSS, U.S.D.J.

APRIL 11, 2006
Date

A TRUE COPY ATTEST
Date:_____
ROBERT C. HEINEMANN
CLERK OF COURT

By:_____
DEPUTY CLERK

Defendant: EGLAN YOUNGE
Case Number: CR-03-1368(ARR)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of two hundred and ten (210) months. Counts one and two of the superseding indictment are to run concurrently.

<u>**XXX**</u>   The Court makes the following recommendations to the Bureau of Prisons: THAT THE DEFT BE HOUSED AT THE FORT DIX OR ALLENWOOD FACILITY.

____   The defendant is remanded to the custody of the United States Marshal.
____   The defendant shall surrender to the United States Marshal for this district,

           ____   at _____a.m./p.m. on _____.
           ____   as notified by the Marshal.

____   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

           ____   before 12:00 noon on _____.
           ____   as notified by the United States Marshal.
           ____   as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.

2) DEFT SHALL NOT POSSESS ANY FIREARMS.

____ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

Judgment:        While the defendant is on probation or supervised release pursuant to this

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ _200.00_ , consisting of a fine of $ _N/A_ and a special assessment of $ _200.00_ .

_____ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

        ___ The interest requirement is waived.
        ___ The interest requirement is modified as follows:

1    Mr. Barnett was given.

2            THE COURT:   I understand what you are saying.

3            Let me say that putting aside his cooperation, I

4    view Mr. Barnett's culpability as substantially less than your

5    client's.

6            That doesn't necessarily mean I'm in agreement or

7    disagreement anyway but he starts much lower on the totem pole

8    than your client does.

9            I turn first to the advisory guidelines.   The

10   presentence report fixes defendant's base offense level at 36,

11   a conclusion that is not actively contested by the government.

12   Defense counsel's contention that this is erroneous is

13   predicated upon the same argument advanced in defendant's Rule

14   29 motion, that is that Younge's importation of 120 kilograms

15   of cocaine on the cargo pallet arriving on Universal Airlines

16   on September 20, 2003 was not part of the cocaine conspiracy

17   charged against him in the indictment.

18            For the reasons already addressed, I reject the

19   argument and concur with the probation department's assessment

20   of the base offense level.

21            Although the original presentence report recommended

22   a role enhancement of two, an addendum concludes that this was

23   in error and finds the defendant was an organizer of a

24   conspiracy involving five or more participants calling for a

25   four level aggravating role enhancement.

1    Although defendant disputes this conclusion and

2  contends that he is entitled to a minor role judgment, the

3  evidence overwhelmingly supports a four level aggravating role

4  adjustment.

5    Cooperating witness Junior Barnett's testimony

6  supports the conclusion that on five occasions Younge imported

7  shipments of cocaine on cargo pallets via Universal Airlines.

8  Younge organized the shipments with his supplier, recruited

9  multiple accomplices, played a major role in planning the

10  importations and exercised control and authority over others.

11    No specific amount of narcotics was identified in

12  connection with the first 4 shipments as the importations were

13  successfully completed.  The 5th however was seized and there

14  was overwhelming evidence that two boxes on the pallet

15  totaling approximately 120 kilograms of cocaine were imported

16  by Younge.

17    The evidence also amply established that the scheme

18  involved five or more participants, including Younge, Heslop,

19  Barnett, Mickey, the van driver, Shorty and Roscoe.  Under the

20  advisory guidelines, the defendant's adjusted offense level is

21  thus 40, which with a criminal history category of one carries

22  a range of imprisonment of 292 to 365 months.

23    I have considered the advisory guideline but I do

24  not intend to sentence within it.  That is because when the

25  statutory sentencing factors enumerated in Section 3553(a) are

1  applied to the facts and circumstances of this case, I believe

2  that a sentence moderately lower than that called for by the

3  advisory guideline is sufficient but no more severe than

4  necessary to satisfy the statutory goals of sentencing.

5          At the outset, there is very little about the nature

6  and circumstances of defendant's offense that mitigates the

7  seriousness of his criminal conduct.

8          Indeed, in considering the nature and circumstances

9  of the offense, I have in the case of Mr. Younge as in the

10  case of other airport workers considered as an exacerbating

11  factor the fact that he made use of his job position at JFK

12  Airport in committing the crimes of which he was convicted.

13          Although I have found that the government failed to

14  present evidence sufficient to find by a preponderance that

15  law enforcement authorities in fact reposed trust in the

16  airport employees, a finding essential to the imposition of an

17  abuse of trust enhancement under the guidelines, there is

18  ample evidence in the record to establish that defendant took

19  advantage of his job in committing these offenses, a job that

20  though not established to be a repository of trust by law

21  enforcement is nonetheless a highly sensitive one due to the

22  enhanced societal dangers posed by corruption at a major

23  international port or airport such as John F. Kennedy Airport.

24          On the other hand, unlike many defendants deeply

25  involved in serious narcotics conspiracies, defendant used no

1   dangerous weapons and did not resort to any violence in

2   furtherance of his criminal scheme.

3           Turning to the history and characteristics of the

4   defendant, the instant offense represents Mr. Younge's only

5   conviction and only reported arrest, although he advised the

6   probation department that he had been arrested by the Port

7   Authority police at JFK for allegedly threatening a

8   supervisor, a charge that was subsequently dismissed.

9           He is a 27 year old permanent resident from Guyana

10  who is divorced with a four-year old child for whom he

11  provided some support when he was employed.

12          Among the most striking and sympathetic aspects of

13  Mr. Younge's history are the tragic circumstances of his

14  upbringing alluded to somewhat generally in the presentence

15  report but more vividly elaborated upon in defense counsel's

16  March 30, 2006 submission.

17          Given all of the facts and circumstances surrounding

18  defendant's personal history and criminal conduct, I believe

19  that a term of 210 months incarceration would suffice without

20  being unduly severe to meet the statutory goals of sentencing

21  under Section 3553(a).  Such a sentence, exceeding 16 years

22  imprisonment, is an extremely severe one and is therefore

23  sufficient to promote respect for the law and serve the goals

24  of just punishment and general deterrence of criminal conduct.

25          In this regard, I believe this term of imprisonment

1   is also of sufficient severity to serve as a deterrent to

2   other airport employees who might otherwise succumb to the

3   temptation to corrupt their sensitive positions for pecuniary

4   or other personal gain.

5          Defendant will be well into his forties by the time

6   he is released from prison and will no doubt be immediately

7   deported.  This coupled with what I view as a relatively low

8   risk of recidivism establishes that the selected sentence

9   will, as the statute requires, promote protection of the

10  public from defendant's criminal conduct.

11         Accordingly, on counts one and two, I sentence Mr.

12  Younge to the custody of the Attorney General for a period of

13  210 months to run concurrently.

14         It's my understanding that there is no forfeiture

15  with respect to Mr. Younge.

16         MR. RAMOS:  No, your Honor.

17         THE COURT:  To be followed by a five year period of

18  supervised release with special conditions that if deported,

19  he not illegally reenter the United States.  I prohibit the

20  possession of a firearm.

21         I make a finding that he is unable to pay a fine but

22  I will impose the mandatory 200-dollar special assessment.

23         Mr. Younge, as you know, you may appeal both the

24  conviction and the sentence.  A notice of appeal must be filed

25  within 10 days.  Undoubtedly, Ms. Scolari will continue do

1   represent you for the appeal.

2          Is there any specific request?

3          MS. SCOLARI:  Mr. Younge has asked that the Court

4   recommend that he be designated to Fort Dix consistent with

5   security concerns.

6          I told him I wasn't sure if there would be room

7   there and I wasn't sure if he would qualify so as an

8   alternative, would you also recommend Allenwood.  Fort Dix is

9   undergoing some type of rehabilitation.

10         Thank you.

11         THE COURT:  Yes.

12         (Matter concluded.)

13

14

15

16

17

18

19

20

21

22

23

24

25

ALLAN R. SHERMAN, CSR, RPR  Official Court Reporter
United States District Court  Eastern District of New York